**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6028

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK COLEMAN, a/k/a Y-Kim, a/k/a Mark Johnson,
a/k/a Wakim,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Sol Blatt, Jr., Senior District
Judge.  (3:02-cv-03953-SB; 3:96-cr-00325-SB-4)

Submitted:  March 22, 2007          Decided:  March 30, 2007

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mark Coleman, Appellant Pro Se.  Cameron Glenn Chandler, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Coleman seeks to appeal the district court's judgment denying his 28 U.S.C. § 2255 (2000) motion, denying all pending motions and ending the case with prejudice. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 17, 2006. The notice of appeal was filed no earlier than December 4, 2006.* Because Coleman failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

*For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

the materials before the court and argument would not aid the decisional process.

DISMISSED